| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Breach of Contract

| | |
|---|---|
| MOAC Mall Holdings, LLC and MOA Entertainment Company LLC, | Court File No.: _____ |
| Plaintiffs, | |
| v. | **ANSWER** |
| Hard Rock Café International (USA), Inc., | |
| Defendant. | |

Defendant Hard Rock Café International (USA), Inc. ("Hard Rock"), by and through its undersigned counsel, hereby answers Plaintiffs' Complaint, dated September 25, 2020.

## INTRODUCTION

Prior to March 17, 2020, Hard Rock was operating the Premises[1] in accordance with the Permitted Use set forth in the Lease, namely, operating a "typical Hard Rock Café," which includes selling "menu items" and "alcoholic beverages." The Premises is located within the Mall of America, a shopping center in Bloomington, Minnesota, which, prior to the COVID-19 pandemic, was a heavily trafficked and bustling tourist attraction. Hard Rock's decision to enter into the Lease for the Premises, and its agreement to pay the rent

---

[1] Defined terms used herein without definition shall have the meanings ascribed to such terms in the Lease, which is attached to the Complaint as Exhibit A.

- 1 -

Filed in District Court
State of Minnesota
10/16/2020 2:55 PM

set forth therein, was based on Hard Rock's ability to operate the Premises for the Permitted Use in a location that has been touted as the most visited attraction in Minnesota.

However, in March 2020, the world changed.  The unprecedented and unforeseeable global COVID-19 pandemic resulted in government mandates effectively halting tourism and shutting down non-essential businesses and activity.  To protect the public health and safety by slowing the spread of COVID-19, the Governor of Minnesota entered a series of executive orders that shut down Hard Rock's business.

On March 16, 2020, the Governor of Minnesota issued Executive Order 20-04, prohibiting restaurants, bars, and other places of public accommodation from offering food or beverage for on-premises consumption.  The executive order became effective on March 17, 2020 at 5:00 p.m. and was scheduled to expire on March 27, 2020 at 5:00 p.m. However, the Governor of Minnesota issued several executive orders extending the prohibition to June 10, 2020.  Executive Order No. 20-18 (Mar. 25, 2020); Executive Order No. 20-48 (Apr. 30, 2020); Executive Order No. 20-56 (May 13, 2020); Executive Order No. 20-63 (May 29, 2020) (continuing to prohibit in-person on-premises consumption, but allowing limited outdoor service).  On June 5, 2020, the Governor of Minnesota issued Executive Order 20-74, which became effective on June 9, 2020 at 11:59 p.m. and allowed restaurants to offer food and beverages for on-premises consumption, but limited indoor dining capacity to "50 percent of the normal occupant capacity as determined by the fire marshal" (collectively, the "Executive Orders").  In addition, the Mall of America closed its doors to the public from March 17, 2020 through June 10, 2020.

Filed in District Court
State of Minnesota
10/16/2020 2:55 PM

As a result, Hard Rock was completely prevented from operating its business from March 17, 2020 through June 10, 2020. Also, from June 10, 2020 to present, Hard Rock, through no fault of its own, has been prohibited from conducting its business as contemplated at the time the parties entered into the Lease, and Hard Rock is unlikely to be able to return to business as usual anytime soon.

The global COVID-19 pandemic has fundamentally changed the world in which we live. Therefore, even when Hard Rock can resume full operations at the Premises, Hard Rock's business will look nothing like it did before March 2020. Governments will continue to impose mandatory restrictions on tourism and restaurants will be required to follow strict guidelines to ensure employee and customer health and safety. Such restrictions will negatively impact the number and willingness of customers to return to restaurants and tourist attractions like the Mall of America. It will likely be years before the restaurant industry returns to its pre-COVID state, which served as the basis for MOAC Mall Holdings and Hard Rock to enter into the Lease.

## ANSWER

Hard Rock denies each and every allegation in Plaintiffs' Complaint except as otherwise admitted or as expressly qualified below, including headings and sub-headings.

## PARTIES

1.    Hard Rock admits that MOAC Mall Holdings LLC is the landlord of the Mall of America, which is located at 2131 Lindau Lane, Bloomington, Minnesota 55425-5550. Hard Rock lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

Filed in District Court
State of Minnesota
10/16/2020 2:55 PM

2.      Hard Rock admits to the allegations contained in Paragraph 2.

## **GENERAL ALLEGATIONS**

3.      In response to Paragraph 3, Hard Rock admits that it entered into a Lease with MOAC Mall Holdings, LLC on February 19, 2014, which is attached to the Complaint as Exhibit A.  Hard Rock further states that the Lease speaks for itself and denies any allegations in Paragraph 3 inconsistent with, or that mischaracterize, the entirety of the Lease.

4.      Hard Rock states that the Lease speaks for itself and denies any allegations in Paragraph 4 inconsistent with, or that mischaracterize, the entirety of the Lease.

5.      Hard Rock states that the Lease speaks for itself and denies any allegations in Paragraph 5 inconsistent with, or that mischaracterize, the entirety of the Lease.

6.      In response to Paragraph 6, Hard Rock admits that it received the June 8, 2020 "Notice of Anticipatory Default," which is attached to the Complaint as Exhibit B. Hard Rock states that the Notice of Anticipatory Default speaks for itself and denies any allegations in Paragraph 6 inconsistent with, or that mischaracterize, the entirety of the Notice of Anticipatory Default.  Hard Rock denies that it has defaulted under the Lease

7.      In response to Paragraph 7, Hard Rock admits that it received the July 21, 2020 "Notice of Continuing Default," which is attached to the Complaint as Exhibit C. Hard Rock states that the Notice of Continuing Default speaks for itself and denies any allegations in Paragraph 7 inconsistent with, or that mischaracterize, the entirety of the Notice of Continuing Default.  Hard Rock denies that it has defaulted under the Lease.

8.      Hard Rock denies the allegations contained in Paragraph 8.

Filed in District Court
State of Minnesota
10/16/2020 2:55 PM

9.      Hard Rock states that the Lease speaks for itself and denies any allegations in Paragraph 9 inconsistent with, or that mischaracterize, the entirety of the Lease.  Hard Rock denies the remaining allegations in Paragraph 9.

10.     Hard Rock states that the Lease speaks for itself and denies any allegations in Paragraph 10 inconsistent with, or that mischaracterize, the entirety of the Lease.  Hard Rock denies the remaining allegations in Paragraph 10.

11.     Hard Rock states that the Lease speaks for itself and denies any allegations in Paragraph 11 inconsistent with, or that mischaracterize, the entirety of the Lease.  Hard Rock denies the remaining allegations in Paragraph 11.

12.     Hard Rock states that the Lease speaks for itself and denies any allegations in Paragraph 12 inconsistent with, or that mischaracterize, the entirety of the Lease.  Hard Rock denies the remaining allegations in Paragraph 12.

13.     Hard Rock admits to the allegations contained in Paragraph 13.

14.     Hard Rock denies the allegations contained in Paragraph 14.

15.     Hard Rock admits to the allegations contained in Paragraph 15.

16.     Hard Rock admits to the allegations contained in Paragraph 16.

## COUNT I – BREACH OF LEASE

17.      Hard Rock incorporates by reference its responses to Paragraphs 1–16 above as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18.      Hard Rock denies the allegations contained in Paragraph 18.

19.      Hard Rock admits that it has not occupied the Premises since March 17,

2020. Hard Rock denies the remaining allegations contained in Paragraph 19.

20.     Hard Rock denies the allegations contained in Paragraph 20.

21.     Hard Rock denies the allegations contained in Paragraph 21.

22.     Hard Rock denies the allegations contained in Paragraph 22.

23.     Hard Rock denies the allegations contained in Paragraph 23.

24.     Hard Rock denies the allegations contained in Paragraph 24.

25.     Hard Rock denies the allegations contained in Paragraph 25.

## COUNT II – SPECIFIC PERFORMANCE

26.     Hard Rock incorporates by reference its responses to Paragraphs 1–25 above as though fully stated herein with the same force and effect as if the same were set forth at length herein.

27.     Hard Rock admits that it has not occupied the Premises since March 17, 2020. Hard Rock denies the remaining allegations contained in Paragraph 27.

28.     Hard Rock does not believe it has an obligation to respond to the allegations contained in Paragraph 28, but to the extent it does, it denies the allegations contained in Paragraph 28.

Hard Rock denies that Plaintiffs are entitled to any relief, including the relief requested in the "WHEREFORE" Paragraph of the Complaint.

## DEFENSES

In further response to Plaintiffs' Complaint, Hard Rock hereby asserts the following defenses, without conceding that it bears the burden of persuasion as to any of them. In support of its defenses, Hard Rock states as follows:

## FIRST DEFENSE
### (Casualty)

The global COVID-19 pandemic and resulting Executive Order constitute a casualty that has rendered the Premises wholly or partially untenantable. Pursuant to sections 16.1 and 16.2 of the Lease, Hard Rock is entitled to proportional rent abatement.

## SECOND DEFENSE
### (Eminent Domain Taking)

By issuing the its Executive Orders, the State of Minnesota has effected an eminent domain taking of the Premises.  Pursuant to section 17.1 of the Lease, Hard Rock is entitled to proportional rent abatement, or to terminate the Lease at its option.

## THIRD DEFENSE
### (Co-Tenancy)

Starting on March 17, 2020, fewer than 60% of the gross leasable floor area of the first floor has been open and occupied with tenants operating open during regular business hours.  Pursuant to section 24.26 of the Lease, Hard Rock is entitled to pay Alternate Rent.

## FOURTH DEFENSE
### (Failure of Consideration)

Due to the global COVID-19 pandemic and resulting Executive Orders, Plaintiffs have failed to furnish the consideration agreed upon in entering the Lease, i.e., the ability to use the Premises for its Permitted Use.  Hard Rock has not received the consideration Plaintiffs promised under the Lease, and, accordingly, Hard Rock is not obligated to pay rent thereunder.

Filed in District Court
State of Minnesota
10/16/2020 2:55 PM

### FIFTH DEFENSE
### (Frustration of Purpose)

Hard Rock entered into the Lease for the purpose of using the Premises for its

Permitted Use. The unexpected and unforeseen global COVID-19 pandemic and resulting

Executive Orders, due to no fault of either party, have completely frustrated the purpose of

the Lease as detailed above, and Hard Rock is discharged from its obligations under the

Lease.

### SIXTH DEFENSE
### (Impossibility of Performance)

Hard Rock is discharged from its obligations under the Lease because the

unexpected and unforeseen global COVID-19 pandemic and resulting Executive Orders,

for which neither party assumed the risk and neither party could have acted to prevent,

have rendered performance of the Lease impossible as detailed above.

### SEVENTH DEFENSE
### (Illegality of Performance)

Hard Rock is discharged from its obligations under the Lease because the global

COVID-19 pandemic and resulting Executive Orders rendered performance of the Lease

illegal as detailed above.

### EIGHTH DEFENSE
### (Unjust Enrichment)

The global COVID-19 pandemic and resulting Executive Orders have deprived

Hard Rock of the benefit to which it was entitled under the Lease, i.e., use of the Premises

for the Permitted Use.  If Hard Rock pays rent to Plaintiffs for the time during which it is

unable to use the Premises for the Permitted Use it will confer a benefit on Plaintiffs that

- 8 -

Filed in District Court
State of Minnesota
10/16/2020 2:55 PM

Plaintiffs will voluntarily accept and retain.  The circumstances—that Hard Rock was unexpectedly prevented by law from using the Premises in accordance with the Permitted Use, and therefore has been deprived of the benefit for which it contracted—would make it inequitable for Plaintiffs to retain the rent payments.

## NINTH DEFENSE
### (Attorneys' Fees)

Hard Rock is entitled to recover its court costs and reasonable attorneys' fees from Plaintiffs pursuant to section 18.2 of the Lease.

## TENTH DEFENSE
### (Right to Assert Additional Defenses)

Hard Rock reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated:  October 16, 2020

Respectfully submitted,

By: */s/ Erin Sindberg Porter*
Erin Sindberg Porter (#0388345)
Jake Vandelist  (#0396756)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: (612) 217-8800
Facsimile: (844) 345-3178
esindbergporter@jonesday.com
jvandelist@jonesday.com

ATTORNEYS FOR DEFENDANT HARD
ROCK CAFÉ INTERNATIONAL (USA),
INC.

## ACKNOWLEDGEMENT

Pursuant to Minn. Stat. § 549.211, the undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties under Minn. Stat. § 549.211, subd. 2.

*/s/ Erin Sindberg Porter*
Erin Sindberg Porter (#0388345)

- 10 -